# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Kelly L. Stephens
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

**RECEIVED**

**DEC 05 2024**

**KELLY L. STEPHENS, Clerk**

Filed: October 23, 2024

Albert D. Thrower
1312 W. 89th Street
Cleveland, OH 44102

Re: Case No. 24-3917, *Albert Thrower v. Mona Scott, et al*
Originating Case No. : 1:24-cv-01576

Dear Sir,

The district court has indicated that the fee was paid in this case on October 21, 2024. You can ignore fee related instructions in the letter sent earlier today.

The briefing schedule listed below gives you the opportunity to present your issues to the court in your own words. You may follow these requirements or use the simplified briefing form which is enclosed. If your brief is filed late, the case is at risk of being dismissed for want of prosecution.

If you are an inmate in an institution, your brief will be considered timely if it is deposited in your institution's mail on or before the filing date. The brief should include a declaration under penalty of perjury or a notarized statement stating the date that the brief has been deposited and that first-class postage has been paid. *See* Fed. R. App. P. 25(a)(2)(A)iii. If you are *not* an inmate, your brief is considered timely if it is mailed to the clerk by first-class mail, or dispatched to a commercial carrier for delivery to the clerk within three days, or received in the court by the filing date indicated below. *See* Fed. R. App. P. 25(a)(2)(A)ii.

Appellant's Brief  1 signed original due by **December 5, 2024**
Limit of 30 pages or 13,000 words

The Clerk's office cannot give pro se litigants legal advice but questions about procedures or electronic case filing may be directed to the case manager.

Sincerely yours,

s/Ryan E. Orme
Case Manager
Direct Dial No. 513-564-7079

Enclosure

RECEIVED

DEC 05 2024

KELLY L. STEPHENS, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ALBERT THROWER
1312 W89th St
Cleveland OH 44102-1828

    Appellant

Judge Mona Scott,
City of Cleveland,
City of Cleveland Prosecutor's Office    et al.,

                                                 Case No. 24-3917

    Appellee,

BRIEF OF APPELLANT

FOR THE APPELLANT
ALBERT THROWER
1312 W 89th St
Cleveland OH 44102-1828
218-856-6626
Al.thrower1@gmail.com

                                          FOR THE APPELLEE
                                          MICHAEL GLAZER
                                          City Hall #106
                                          601 Lakeside Ave
                                          Cleveland, OH 44114

ASSIGNMENT OF ERROR NUMBER ONE

TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT=(P) WHEN DISTRICT TRIAL COURT OPINED THAT APPELLANT THROWER DID NOT STATE A CLAIM TO FILE 42 USC Sec 1983 ACTION WHEN 1) APPELLEE (D) JUDGE MONA SCOTT ISSUED ORDER THAT APPELLANT THROWER COULD NOT SELL HIS PROPERTY WHEN NO COURT PROCEEDING IS AGAINST APPELLANT THROWER IN STATE COURT ARE PENDING AND 2) THE PROPERTY 1310 W 89th St IS IN APPELLANT'S NAME WHEN THE TRIAL COURT ENTERED AN ORDER AGAINST ST ANTHONY CHURCH (Inc) AN ENTITY THAT NEVER OWNED ANY PROPERTY IN CITY OF CLEVELAND 3) City of Cleveland Local R 2.18 (3) ALLOWS SALE OF PROPERTY AND THEN "NOTIFY THE COURT" APPELLANT STATING A KNICKS "TAKINGS" CLAIM PER *Knick v. Township of Scott, Pennsylvania*, No. 17-647, 588 U.S. ___ (2019), AND SERVICE SHOULD BE ALLOWED

- A) Can Judge-appellee be sued in declaratory action to 1) follow City of Cleveland Local Rule 2.18 (3) that allows sale of property?

- B) Can Judge-appellee be sued to allow appellant Thrower to allow sale of property when appellant THROWER not the subject to any state court proceedings?

- C) Does appellant state a minimal claim to circumvent "vexatious litigator" order to sue/serve appellee Judge who ordered that appellant could not sell his property 1310 W 89th Cleveland OH 44102 property when appellant not the subject of any state court proceedings?

- D) Does appellant state a threshold "takings claim" under *Knick v. Township of Scott, Pennsylvania*, No. 17-647, 588 U.S. ___ (2019), that would allow service for Declaratory Judgment when appellee ordered that appellant could not sell his property when appellant was not served &/or was not subject of any state court proceedings?

"B. Per the record all the allegations in the complaint must be stated as true same as if rewritten herein. See Doc 1 page ID#3 "Section 1983 allows claims alleging the 'deprivation of any rights, privileges, or immunities secured by the Constitution and federal laws"

"TRO &/or Preliminary Injunction Judge Scott issued order (P)-appellant cannot 'sell, transfer, offer …' sell (P) real estate property 1310-12 W 89th St Cleveland, OH 44102, when Ohio law,

Cleveland Local R 2.18 para 3 allows sale of property. City served St Anthony Church Inc., that does not own property in Cleveland OHIO not appellant Thrower. Ex A -deed" trial court, as St Anthony Church (Inc) never owned the property at issue or any property in the city of Cleveland.

Doc #1 PageId#4 "D. ....Per Ohio Constitution Article 1, Sec 19 "private property shall ever be held inviolate, but subservient to public welfare' and 'rights related to property, i.e. to acquire, use, enjoy, and dispose of property' as 'among the most revered in our law and traditions' *Norwood v Horney,* 853 NE2d 1115, *Yoder v City of Bowling Green,* #3:17CV2321(NDOH), 5th, 14th Amendment 'taking clause', *Knick v Twp. Of Scott,* 588 US #17647 (2019) 1:16CV1076' *Pund v City of Bedford,* 339 FSupp 3d 701 (ND Ohio 2018) and appellant should be allowed to file action in trial court and "leave" granted as appellant has a "vexatious litigator" order lodged against him..

Appellant avers that he states a "takings claim" as defined in *Knick v. Township of Scott, Pennsylvania* No. 17-647, 588 U.S. ___ (2019), and that he does not have to exhaust state remedies and can seek redress immediately in the federal court as he is not a litigant in the state court.

(D)-appellee Judge Scott ordered appellant Thrower could not sell property 1310-12 w 89th Cleveland OH 44102 when appellant is not the subject to any state court action. City of Cleveland did serve St Anthony Church (Inc.) at same address but St Anthony Church (Inc.) does not own property at issue.

Further, appellant imposes order straight "no sale order" on appellant that he is not allowed to "gift, *offer,* ....". If appellant cannot "offer", J. Entry 6/27/23 property for sale, he can not sell it in violation of the plain language of Cleveland Municipal Housing Court Local R. 2.18 (3).` See J. Entry 6/27/23 Page 2 of 8 "Court ORDERS ... 7. Defendant is ordered not to gift, sell, or transfer any of the properties owned...without approval of the court." Clearly conflicts with Cleveland Municipal Housing Court Local R. 2.18 "3. .. The offender must notify the Court whenever the offender has *any change in the property own**ed** or controll**ed**.*", indicating per Local Rule 2.18 Appendix (3) of the Cleveland Municipal Court Local Rule 2.18 para 3, pg. 7 of 8, 8 of 8 that "change in the property own*ed* or controll*ed*" is permitted, i.e. "sale", and appellant can SELL property -then "notify court". I.e., "change in property own*ed*", comes first, then "Court notified", ed=past tense in accordance with Cleveland Municipal Housing Court

Local Rule 2.18, appendix 3 & in violation of the "takings clause" of the 5, 14th Amendment United States Constitution.

Hence, this is in violation of the plain language of Cleveland Municipal Court Local Rule 2.18 "3…offender must notify the Court whenever the offender has any change in the property own<u>ed</u> or controll<u>ed</u>." , as trial court APPELLEE prohibited sale.

Tp Sentencing 6/21/23 pg. 32 ln 24-25 when sentencing St Anthony Church-a corporation registered in OHIO that owns no property. "COURT: To be clear, your partner, Mr. Cutcut (sic), (who has not been served in action)_..cannot sell, gift, or transfer this property while (pg. 33 ln 1-4) you're under three years of community control without bringing it to Court's attention and asking Court's permission…. Filed with the treasurer by the end of this week". If, "filed with the treasurer ..", then Cleveland Municipal Housing Court Local Rule 2.18, appendix "3. .. The offender must notify the Court whenever offender has *any change in the property owned or controlled*.", is impossible to accomplish, i.e., appellant cannot effect "any change in the property owned or controlled", when "… filed with the treasurer by the end of this week", so trial court's order in conflict with Cleveland Municipal Housing Court Local Rule 2.18 appendix 3.

Further, appellee-trial court cannot make orders affecting citizens rights not before the court. I.e., "your partner, Mr. Cutcut (sic)", that appellee chooses not to serve and appellant. "A court only has jurisdiction over the person or entity before it—the court cannot impose community control sanctions against a non-party" *Cleveland v. 3006 Montclair Ave., L.L.C.,* 2024-Ohio-1274. Appellant avers 5, 14th Due Process claim United States Constitution that he should be allowed to sell his property as appellant is not part of any state court proceedings, i.e. a "takings claim". I.e, appellant should be allowed to dispose of property as he sees fit, or at least "threshold" requirement to allow service of complaint.

Also "Ohio Constitution, private property rights are 'fundamental rights' to be 'strongly protected'". See *Norwood v. Horney,* 110 Ohio St.3d 353, 361-62 (2006) "Ohio has always considered the right of property to be a fundamental right. bundle of.. rights associated with property is strongly protected in ..Ohio Constitution and must be trod upon lightly, no matter how great the weight of other forces.". "Norwood .. takings claim, it described 'rights related to property, i.e., to acquire, use, enjoy, *and dispose of property'* as "among the most revered in our

law and traditions." Id. at 361." *Yoder v. City of Bowling Green*, Case No. 3:17 CV 2321 (N.D. Ohio Feb. 1, 2019) "Ohio .. always considered the right of property to be a fundamental right...strongly protected by the Ohio Constitution .. and dispose of property' as 'among the most revered in our law and traditions'", *Norwood v. Horney* Id @ 361 entered without Due Process of law and violate the "takings clause" of Ohio Constitution and 5, 14th Amendment United States Constitution. see *Knick v. Township of Scott*, 588 U.S. (2019) Docket No.17-647 ".. filed a federal action under 42 U.S.C. 1983, alleging that the ordinance violated the Takings Clause... A property owner acquires a right to compensation immediately upon an uncompensated taking because the taking itself violates the Fifth Amendment." *Knick v. Township of Scott, Pennsylvania,* No. 17-647, 588 U.S. ___ (2019).

Per *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306 Notice must be reasonably calculated under the circumstances to inform interested parties of a pending action and give them an opportunity to

respond. Notice by publication may be insufficient if the names and addresses of the parties are known. Per the record, ALBERT THROWER appellant was never served with any action yet ordered "not to sell real estate" owned in his name.

Appellant 1310-12 w 89th CLE OH= owned "personal capacity" Thrower, not appellant St Anthony Church: *Cleveland v 3006 Montclair Ave LLC,* 2024-Ohio-1274. "26.. city does not address U.S. Bank .. cites no legal authority .. supporting its claim that the housing court (1) had the authority to impose community-control sanctions against a nonparty and (2) had authority to impose restrictions.. *Montclair LLC* (appellant Albert Thrower) relating to properties owned by nonparties .. condition of Montclair LLC's (St Anthony Church) community control...(or properties owned by nonparties) were "incorporated" into a sentence imposed on a defendant. Cf. *Deutsche Bank,* 2014-Ohio-1948, at ¶ 15 ("Liability, whether civil or criminal, can only be imposed .. owns the property.").. housing court erred ...extent that it imposed restrictions ..relating to properties owned by other entities as a term or condition of Montclair LLC's (St Anthony Church) community control..." Again, appellee does not "cites no legal authority .. housing court (1) had authority to impose community-control sanctions against a nonparty (Thrower-owner 1310 W 89th St) and (2) had authority to impose restrictions .. on (St Anthony Church) relating to properties owned by nonparties (Thrower) as a ..condition of (St Anthony Church) community control." *Cleveland v 3006 Montclair Ave LLC, supra.,* as appellant Thrower owned 50% 1310 W 89th St Cleveland OH 44102.

Thus the trial court erred to the prejudice of appellant by not stating that he stated a "threshold" claim that would allow service action against appellee judge to order the appellee to "follow the law" and allow appellant to:

1) Sell the 1310 W 89th St Cleveland OH 44102 property then "notify the court" per City of Cleveland Local R 2.18 (3)
2) Sell the 1310 W 89th Cleveland OH 44102 property as Albert Thrower is not the subject of any city of Cleveland trial court proceedings.
3) That appellant states a "takings claim" that can immediately be brought in the federal court per *Knicks. Supra.*

## GROUND PRESENTED FOR REVIEW NUMBER TWO

THE TRIAL COURT ERRED BY NOT ALLOWING THE (P)-APPELLANT TO FILE 42 USC Sec 1983 IN TRIAL COURT FOR INJUNCTIVE RELIEF WHEN APPELLANT STATED THAT TRIAL COURT JUDGE MONA SCOTT DID NOT FOLLOW OHIO LAW AND LOCAL RULE 2.18 (3) THAT ALLOWS THE APPELLANT TO SELL HIS PROPERTY THEN "NOTIFY THE COURT", PER *Elrod v. Burns*, 427 U.S. 347 (1976) 'FAILURE TO FOLLOW THE LAW", AND STATE TRIAL COURT ISSUED ORDER AGAINST ST ANTHONY CHURCH A LEGAL ENTITY YET APPELLANT THROWER OWNS THE PROPERTY, STATING A "TAKINGS CLAIM" under 5, 14th Amendment United States Constitution

Trial court erred by not holding that appellant stated a claim for appellee Judge not following the law and allow service of complaint in that:

1) Cleveland Local Rule 2.18 (3) states appellant can sell his property and then notify the court.

2) Trial court cannot order appellant Thrower not to sell his property when there is no state court action titled *Cleveland v Thrower*. The order stems from *Cleveland v St Anthony church (Inc.)*, an Ohio-registered corporation that own no property in Cleveland, OH.

3) Rooker-Feldman would not apply as there is no state court proceedings in re appellant and appellant was ordered that he could not sell his property 1310 w 89th St CLEV OH 44102

A) Per *Knick v. Township of Scott, Pennsylvania*, No. 17-647, 588 U.S. ___ (2019), would allow service for Declaratory Judgment when appellee ordered that appellant could not sell his property when property was not the subject of any state court proceedings and per *Knick v. Township of Scott, Pennsylvania*, No. 17-647, 588 U.S. ___ (2019), would "immediately" allow the appellant to file in Federal court for a "takings claim" as appellant was ordered that he could not sell his property in essence "taking" same in violation 5, 14th Amendment United States Constitution.

4) Trial court was correct that Case: 1:24-cv-01576-DAP Doc #: 3 Filed: 09/17/24 1 of 3. PageID #: 34 ft- holding

"However, because it appears that Case: 1:24-cv-01576-DAP Doc #: 3 Filed: 09/17/24 1 of 3. PageID #: 34 claims Plaintiff is seeking to litigate have not previously been raised in federal court but are claims already raised in state court, the Court has granted leave and will dismiss the claims on that basis."

But trial court erred when stating that appellant did not state a claim under *Rooker-Feldman*, doctrine "Here, Plaintiff's complaint challenges the lawfulness of a state court order, specifically a decision by Judge Scott in Cleveland Housing Court. See ECF Doc. 1-2. Plaintiff cannot challenge the outcome of a state court case in this Court, and his complaint must be dismissed in accordance with the Rooker-Feldman doctrine. See, e.g., Flowers v. Columbus Metropolitan Housing Authority, 90 Fed. Appx. 893, 894, 2004 WL 237410, at *2 (6th Cir. 2004) (affirming dismissal of pro se complaint challenging the lawfulness of a state court forcible entry and detainer judgment on the basis of the Rooker-Feldman doctrine); Poindexter v. Full Line Real Estate Construction, LLC, No. 4: 23-cv-1049, 2023 WL 5957103, at *1 (N.D. Ohio Sept. 13, 2023) (dismissing complaint asserting claims challenging an eviction action brought in Youngstown Municipal Court.)" Doc #3 Page ID :35, because the appellant was NOT subject to any state court proceedings as the state court proceedings are titled Cleveland v St Anthony Church (Inc) a state registered corporation that owns no property, cases cited by trial court to not allow service are not on point.

Appellant prays to file this action under Due Process Clause 5, 14th Amendment US Constitution, that trial court ordered appellant that he could NOT sell property in appellant's name when state court proceedings are not in appellant's name but in Cleveland v St Anthony Church, an entity that owns no property in OHIO and therefore appellant avers that he states a claim under *Knick v. Township of Scott, Pennsylvania*, No. 17-647, 588 U.S. ___ (2019), which would allow service for Declaratory Judgment when appellee Judge ordered that appellant could not sell his property when property was not the subject of any state court proceedings.

Per *Elrod v. Burns,* **427 U.S. 347 (1976)** 'failure to follow the law", and state trial court issued order against st anthony church a legal entity yet appellant thrower owns the property so is not the subject of any state court proceedings that would activate Rooker-Feldman doctrine.

## CONCLUSION

B) Appellant prays that Court will find that appellant states a threshold claim that will allow service of complaint under *Knick v. Township of Scott, Pennsylvania*, No. 17-647, 588 U.S. ___ (2019), that would allow service for Declaratory Judgment when appellee

ordered that appellant could not sell his property when property was not the subject of any state court proceedings appellant stating a "taking claim".

Respectfully submitted,

Albert Thrower pro'se
PO Box 6702
Cleveland OH 44101

CERTIFICATE OF SERVICE

A copy of this brief has been served on all parties listed in the caption this 12/4/2024 US mail postage prepaid

A Thrower

8

PRESS FIRMLY TO SEAL

PRIORITY MAIL EXPRESS
FLAT RATE ENVELOPE
POSTAGE REQUIRED

# PRIORITY MAIL EXPRESS®

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

US POSTAGE AND FEES PAID  easypost
2024-12-04
44102
C4764638
Commercial
FLAT RATE ENV

USPS PRIORITY MAIL EXPRESS

ALBERT THROWER
1312 W 89TH ST APT 3
CLEVELAND OH 44102-1828

WAIVER OF SIGNATURE

RECEIVED
DEC 05 2024

SHIP TO: CLERK: 6TH CIRCUIT
KELLY L. STEPHENS, Clerk
POTTER STEWART U.S. COURTHOUSE
100 E 5TH ST      Room 540
UNITED STATES COURTHOUSE
CINCINNATI OH 45202-3988
3988

USPS TRACKING #

9470 1362 0807 0274 4704 07

---

# UNITED STATES POSTAL SERVICE® | PRIORITY MAIL EXPRESS®

≡EMS≡

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE